[Sac. No. 852. Department Two.—March 10, 1902.]

W. H. ALLEN, Appellant, v. MANUEL PEDRO et al., Respondents.

<div style="float:right">136  1<br>s138 202</div>

INJUNCTION—PROCEEDINGS IN LAND DEPARTMENT—PLEADING—TITLE NOT SHOWN.—An injunction will not lie to restrain mining upon land claimed as agricultural pending proceedings in the land department of the United States to determine whether the land is agricultural or mineral, where the complaint does not show title in the plaintiff or in the state under which the plaintiff claims the right of purchase.

ID.—TITLE TO LIEU LAND.—The state can acquire no title to lieu land until the land is selected, and the selection approved by the United States land department, and the land is listed to the state.

ID.—INJUNCTION PENDENTE LITE—DISCRETION.—An injunction *pendente lite* is not granted as a matter of right; but the court must exercise its sound discretion in determining whether or not an application therefor should be granted, in view of the circumstances of the particular case.

APPEAL from an order of the Superior Court of Tuolumne County dissolving a temporary injunction. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellant.

F. W. Street, for Respondents.

McFARLAND, J.—This is an appeal by plaintiff from an order of the court below dissolving a temporary injunction.

CXXXVI. Cal.—1

The action was brought to enjoin defendants from mining parts of certain land claimed by plaintiff pending certain proceedings instituted in the United States land department for the purpose of having it there determined whether the land is agricultural or mineral in character. A temporary injunction was granted; but, on motion of defendants, based on evidence introduced on said motion, the court dissolved the injunction.

It is not necessary to consider respondents' contention, that a court of equity will never interfere by injunction in a case pending in another tribunal, where it has no jurisdiction to take hold of the entire matter in dispute and settle the ultimate rights of the parties,—which, it is admitted, the court would have no jurisdiction to do in the case at bar. It is sufficient to say, that, conceding such jurisdiction, it must, at least, appear from the complaint that plaintiff has a title which is being litigated in the other tribunal; and this fact does not appear in the complaint in the case at bar. It merely appears that plaintiff had made application in the state land office of California to purchase a part of section fourteen in a certain township, had made payment of the proper fee for such application, and had received a certificate of such payment from the surveyor-general of the state. The land is not a school section, nor does it appear that the state had any title to it whatever. If plaintiff sought to get the land as lieu land, he acquired no title from the state, because the latter could get no title until the land had been selected, and the selection approved by the United States land department, and the land listed to the state (*Roberts* v. *Gebhart,* 104 Cal. 67); and there is no averment or pretense that this had been done in the case at bar. Plaintiff, therefore, did not present facts which would have entitled him, under any view, to the injunction prayed for.

Moreover, the right to a writ of injunction *pendente lite*— even in the court where the main action is pending—is not *ex debito justitiæ.* In determining whether or not an application for such writ should be granted, the court must exercise its sound discretion in view of the circumstances of the particular case in hand; and after looking at the evidence introduced on the hearing of the motion to dissolve, we would not be able to say that the conclusion of the court was erro-

neous or wrong—even if plaintiff had been in other respects in a position to ask for the injunction.

(Defendants say that judgment was rendered dismissing the action, and that plaintiff has not appealed from such judgment; but we do not discover that the record shows these facts.)

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.