[S. F. No. 924.   Department Two.—December 29, 1902.]

# W. H. ALLEN, Appellant, v. MANUEL PEDRO et al., Respondents.

INJUNCTION—PROCEEDINGS IN LAND DEPARTMENT—CERTIFICATE OF PUR-
CHASE FROM STATE — TITLE NOT SHOWN — PLEADING — GENERAL
DEMURRER.—A complaint in an action for an injunction to restrain
the defendants from mining upon certain lands claimed by the
plaintiff as agricultural under a certificate of purchase from the
state, pending proceedings instituted in the United States land
office to determine whether the land is agricultural or mineral, which
shows that the lands claimed are not school lands, and does not
aver that they have been listed to the state as lieu lands, does not
show any title, and is subject to a general demurrer for failure to
state a cause of action.

ID.—CASE AFFIRMED.—The case of *Allen* v. *Pedro*, 136 Cal. 1, affirmed
and applied.

APPEAL from a judgment of the Superior Court of
Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion.

E. W. Holland, for Appellant.

F. W. Street, for Respondents.

COOPER, C.—The defendants' demurrer to the complaint
was sustained, plaintiff declined to amend, and judgment was
entered for defendants.

This appeal is from the judgment, and presents the sole
question as to the ruling on the demurrer.   The action was
brought to enjoin defendants from mining upon certain lands
claimed by plaintiff pending proceedings instituted in the
United States land office for the purpose of having it there
determined whether the land is agricultural or mineral in
character.   A temporary injunction was granted, which was
afterwards dissolved on motion of defendants.   A separate
appeal was taken to this court from the order dissolving the
injunction and the order affirmed here.   *Allen* v. *Pedro*, 136
Cal. 1.   In affirming the order this court said:—

"It is not necessary to consider respondents' contention that a court of equity will never interfere by injunction in a case pending in another tribunal, where it has no jurisdiction to take hold of the entire matter in dispute and settle the ultimate rights of the parties, which, it is admitted, the court would have no jurisdiction to do in the case at bar. It is sufficient to say that, conceding such jurisdiction, it must at least appear from the complaint that plaintiff has a title which is being litigated in the other tribunal; and this fact does not appear in the complaint in the case at bar. It merely appears that plaintiff had made application in the state land office of California to purchase a part of section 14 in a certain township, had made payment of the proper fee for such application, and had received a certificate of such payment from the surveyor-general of the state. The land is not a school section, nor does it appear that the state had any title to it whatever. If plaintiff sought to get the land as lieu land, he acquired no title from the State, because the latter could get no title until the land had been selected, and the selection approved by the United States land department, and the land listed to the state (*Roberts* v. *Gebhart,* 104 Cal. 67); and there is no averment or pretense that this had been done in the case at bar. Plaintiff, therefore, did not present facts which would have entitled him, under any view, to the injunction prayed for."

The decision quoted disposes of the question here, and the demurrer was properly sustained.

The judgment should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. McFarland, J., Van Dyke, J., Garoutte, J.