(May 3, 1911.)

## HANS B. ANGELL et al., Respondents, *v.* CONTINENTAL OIL CO., a Corporation, Appellant.

[115 Pac. 692.]

GASOLINE—CARRYING ON BUSINESS—INJUNCTION PENDENTE LITE—LEGAL DISCRETION.

(Syllabus by the court.)

1. The granting of a preliminary restraining order during the pendency of an action is in the sound discretion of the court.

2. *Held,* that the court did not abuse its discretion in granting a temporary restraining order.

3. *Held,* that the defendant had the right to remove the gasoline it had in said tanks at the date of granting said order without making it liable for contempt.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robt. N. Dunn, Judge.

Application for restraining order to restrain defendant from storing gasoline and transacting a gasoline business on certain premises adjoining the city of Coeur d'Alene. Temporary restraining order granted. *Affirmed.*

Whitla & Nelson, for Appellant.

"An injunction *pendente lite* is very like an execution before judgment, and ought not to be issued except in clear cases of right. "(*Amelia Mining Co. v. Tenn. Coal I. & R. Co.,* 123 Fed. 811; *Sellers v. Parvis Williams Co.,* 30 Fed. 164.)

"A court of equity will not restrain by injunction any lawful business, because it is supposed or alleged that such business will be a nuisance and that it cannot be carried on, so as not to be such." (*Duncan v. Hays,* 22 N. J. Eq. 25.)

"To sustain an injunction inhibiting business not *per se* constituting a nuisance, it must be shown that the danger of injury from it is impending and imminent, and the effect

certain.''    (*Pope v. Bridgewater Gas Co.*, 52 W. Va. 252, 43 S. E. 87.)

It must be made to appear beyond all ground of fair questioning that it will be so conducted and that it will be a nuisance.    (*McGinnis v. Friedman*, 2 Ida. 393 (361), 17 Pac. 635; *Francisco v. Furry* (Neb.), 118 N. W. 1102.)

It is not believed any well-considered case holds that the storage of gasoline and coal oil in suitable tanks constitutes a nuisance *per se*.    (*Harper v. Standard Oil Co.*, 78 Mo. App. 338.)

Lynn W. Culp, for Respondents.

The issuance of preliminary injunctions rests in the sound discretion of the court, and the exercise of this discretion in granting or refusing the injunction will not, as a general rule, be reviewed on appeal, or otherwise controlled or interfered with.    (16 Eng. & Am. Ency. of Law, 345, par. 2; *Allen v. Pedro,* 136 Cal. 1, 68 Pac. 99; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Heinze v. Boston etc. Mining Co.,* 30 Mont. 484, 77 Pac. 421.)

SULLIVAN, J.—This action was brought to enjoin the defendant oil company from maintaining its oil tanks upon lot 17 in section 14, township 50 N., of range 4 west, B. M., in Kootenai county.

The complaint was filed on October 21, 1910, and on that day the court made an order that the oil company appear before the judge of the eighth judicial district on the 27th of October, 1910, and show cause, if any it had, why it should not be perpetually enjoined and restrained from keeping, using and occupying the north half of said lot 17 as a storage plant for the purpose of storing there oil either of a combustible, explosive or of bad-odor emitting nature; and thereafter the hearing on said matter was continued until the first day of November, 1910.    On October 26, 1910, the plaintiffs asked the court to grant a temporary restraining order, enjoining the defendant oil company from storing, drawing off or handling upon said lot 17 any gasoline until such time as the

hearing under the court's order to show cause why a perpetual injunction should not issue could be heard and determined.

The motion was based upon the affidavit of the plaintiff Angell, which affidavit shows that said oil company had completed its said oil plant for the storage and distribution of oil, consisting of two large tanks, each of 14,000 gallons capacity, and three wooden frames covered with sheet iron and having wooden floors; that one of said tanks was by said defendant being rapidly filled with kerosene, and that the other tank was intended to be immediately filled with gasoline, "a distillation of crude petroleum, very volatile, highly inflammable and explosive"; that one of the said storage buildings was situated not more than 120 feet from affiant's residence and home; that it was the purpose of the oil company to there store cans and barrels of different capacity filled with gasoline; that the large portable tanks used for conveying kerosene to said oil plant where it is drawn off by means of hose about two and one-half inches in diameter are placed within ninety feet of affiant's residence, and that during the time the oil is being drawn off, large quantities of oil leak and escape in the air and fall upon the ground around said portable tanks, saturating the ground, pine needles and cones and other combustible substances thereabout, so that the smell thereof is plainly discernible within and about affiant's residence and home, and menaces the health of affiant and of his family, and interferes with the comfortable enjoyment of his said home; that a large tin pail has been placed under said portable tank to catch the oil as it leaks and falls from said hose where it is jointed to said portable tank; that said pail is permitted to overflow and spill the oil upon the ground; that by reason of the extension of time to show cause why an injunction should not issue, it is necessary for plaintiffs to ask for an injunction immediately restraining the defendant company.

Said application was made *ex parte,* and upon said affidavit a temporary restraining order was issued restraining the oil company from drawing off or handling any oil known as

gasoline until such time as a hearing could be had under the court's said order of November 2, 1910, to show cause why an injunction should not issue.

On the first day of November, defendant filed a demurrer to the complaint and also an answer, and also filed a number of affidavits resisting the issuance of an injunction. Said application for an injunction was heard on the 2d day of November, 1910, and the judge recites in his order as follows:

"And after argument by counsel and inspection of the premises by the court, the court being fully advised in the premises," then proceeds to grant an injunction restraining the defendant from "keeping, storing, drawing off or handling on said north one-half of said lot 17 . . . . any oil known commercially as · gasoline, a distillation of crude petroleum, during the pendency of this action and until the further order of this court."

It is from that order that this appeal is taken.

The temporary restraining order issued on October 26th, 1910, so far as appears from the record, was continued in force until the 24th of February, 1910, the date of granting the restraining order appealed from.

The issuance of a preliminary injunction *pendente lite* rests largely in the discretion of the court, and the exercise of that discretion will not be reversed on appeal unless there appears a clear abuse of such discretion.

In the case of *Price v. Grice,* 10 Ida. 443, 79 Pac. 387, this court held that where the facts were in dispute, the granting or dissolving of an injunction is within the sound discretion of the court, to be exercised according to the circumstances of each case.

It was held in *Allen v. Pedro,* 136 Cal. 1, 68 Pac. 99, that an injunction *pendente lite* is not granted as a matter of right, but that the court must exercise its sound discretion in determining whether an application therefor should be granted in view of all the circumstances of the particular case. (16 Am. & Eng. Ency. of Law, 2d ed., p. 345.)

Upon an examination of the affidavits considered by the court at the hearing, and it further appearing that the court

personally inspected the said plant and premises before granting said temporary injunction, we are unable to say that the court abused its discretion in granting said temporary injunction to continue in force until the final determination of the action.

It is suggested by counsel that said injunctional order is unlimited, and enjoins and restrains the defendant from keeping, storing, drawing off or handling on said premises any gasoline during the pendency of this litigation, and that if defendant is prohibited from keeping thereon the gasoline that it already has in said tanks or from drawing it off and taking it away, the defendant is in contempt of court, regardless of what it may do with said gasoline, for if it leaves it there, it violates said restraining order, and if defendant draws it off and takes it away, it also violates the injunction. That, we think, is a strained construction of said order, and it was clearly not the intent of the court to place the defendant in contempt regardless of whether it left the oil in the tanks or removed it. Under said order the defendant has the right to remove the gasoline that was in said tanks at the time the injunction was granted. The object of the order was to stop the traffic in gasoline on said lot and to prevent the further storing of it there until the final determination of this action.

The order appealed from must therefore be affirmed, and it is so ordered, with costs of this appeal in favor of the respondent.

Ailshie, Presiding J., concurs.